IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSE FLORES | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| STATE FARM LLOYDS | § | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Lloyds, hereby removes to this Court, the State Court action described below.

### Procedural Background and Parties

1.      On or about July 6, 2015, Jose Flores filed Plaintiff's Original Petition in Cause No. 2015CVF002302D1 in the 49th Judicial District Court of Webb County, Texas, initiating an action identifying State Farm Lloyds as the Defendant.

2.      State Farm Lloyds received the Citation and Plaintiff's Original Petition on or about July 31, 2015.  Defendant State Farm Lloyds filed an Original Answer and Request for Jury Trial, and is filing a Notice of Removal of Civil Action in the State Court action.

3.      At the time this action was commenced, Plaintiff was, and still is, a citizen of Texas.  Jose Flores is a natural person residing in Webb County, Texas; and, thus, is a citizen of Texas.

4.      Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois.  State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code.  It consists of an unincorporated association of underwriters who

were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

### Nature of the Suit

5.      In his Original Petition, Plaintiff alleges multiple claims and causes of action against State Farm Lloyds including negligence, breach of contract, violations of Texas Deceptive Trade Practices Act and Tie-in-Statutes, non-compliance with Sections 541 and 542 of the Texas Insurance Code, breach of fiduciary duty, unfair insurance practices, misrepresentation, and common-law fraud by negligent misrepresentation. Plaintiff further alleges State Farm Lloyds violated the Insurance Code "knowingly," as that term is used in the applicable statute. Plaintiff also asserts that State Farm Lloyds breached the common law duty of good faith and fair dealing.

### Basis for Removal

6.      This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7.      Plaintiff's Original Petition does not set forth the exact amount of damages Plaintiff seeks in this action. Plaintiff has asserted numerous claims and causes of action against Defendants seeking not only actual damages, but also statutory damages/penalties and punitive/exemplary damages. Plaintiff's Original Petition includes

the following statement: "Plaintiff seeks monetary relief of over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."  Therefore, based on information and belief, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. *See Chittick v. Farmers Ins. Exchange*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

### Removal is Procedurally Correct

8.      Plaintiff filed his Original Petition on or about July 6, 2015.  State Farm received the citation and Plaintiff's Original Petition on or about **July 31, 2015**. Therefore, State Farm has filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).  Also, this Notice of Removal is being filed less than one year after the commencement of the State Court Action.

9.      Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11.     Pursuant to Local Rule 81, all documents required by that rule to be filed with this Notice of Removal are attached and indexed.

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiff, and will file a notice with the Clerk of the 49th Judicial District Court for Webb County, Texas.

Respectfully submitted,

By: _/s/ Brian M. Chandler_
     Brian M. Chandler, Attorney-in-Charge
     State Bar No. 04091500
     Federal Bar No. 7660
     750 Bering Drive, Suite 600
     Houston, Texas  77057
     Telephone: (713) 266-0074
     Facsimile: (713) 266-1064
     Email:  bmc@ramey-chandler.com

OF COUNSEL:

RAMEY, CHANDLER, QUINN & ZITO, P.C.
Ronald P. Schramm
State Bar No. 17810385
Federal Bar No. 174875
Jill D. Schein
State Bar No. 00787476      ATTORNEYS FOR DEFENDANT
Federal Bar No. 18838      STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing was served on all parties by and through their attorney(s) of record via the Court's EM/ECF system on this 26th day of August 2015.

          _/s/ Brian M. Chandler_
          Brian M. Chandler